IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Ellison, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION and DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.: _____<br><br><u>CLASS ACTION COMPLAINT</u><br><br><u>JURY TRIAL DEMENDED</u> |

## COMPLAINT

Plaintiff Thomas Ellison ("Plaintiff"), on behalf of himself and all others similarly situated, bring this class action against TARGET CORPORATION ("Defendant" or "Target"), and DOES 1-10 ("Does 1-10") and respectfully alleges the following:

## NATURE OF THE CASE

Plaintiff brings this class action suit on behalf of himself and all others similarly situated to redress Defendant's failure to adequately safeguard certain credit card and debit card information and related data.

This action arises from what may be one of the largest data security breaches ever to occur in the United States. On December 19, 2013, Defendant publicly announced that it failed to maintain adequate data security over customer credit card and debit card data that was accessed and stolen by computer hackers. The

sensitive customer information was stolen from Defendant's computer network, which handles a wide range of financial information for millions of customers including, *inter alia*, credit cards, debit cards linked to checking accounts, and transactions for its merchandise. As reported in the January 10, 2014 edition of the <u>Wall Street Journal</u>, Defendant's data breach affected up to 70 million people.

As a result, millions of Defendant's customers had their personal financial information compromised and have been exposed to the risk of fraud and identity theft, and otherwise suffered damages.

## PARTIES

1. Plaintiff Thomas Ellison used his credit and/or debit cards to pay for his purchases at Target between November 27, 2013 and December 15, 2013.

2. Plaintiff was and is a resident of the State of Florida.

3. TARGET CORPORATION is a Minnesota corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota. Target Corporation operates retail stores throughout the United States.

4. DOES 1-10, are corporations, partnerships, companies, or other entities whose identities are not presently known by the Plaintiff.

5. Defendant processed the credit card and debit card transactions of Plaintiff and members of the putative class that yielded the sensitive customer financial information that was stolen from Defendant.

6. Upon information and belief, the wrongful acts and/or decisions by Defendant leading to this data breach occurred nationwide and in this District.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2), in that the matter in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

8. This Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's and putative Class members' claims occurred in this jurisdiction. Defendant is authorized to do business in this District and is subject to personal jurisdiction in this District.

## FACTS

10. Defendant is one of the largest discount retailers in the United States. Defendant owns and operates more than one thousand retail stores and has a thriving online marketplace.

11. On December 19, 2013, Target publicly announced that its computer system had been compromised in all Target stores throughout the United States and that anyone who made credit or debit purchases from November 27, 2013 to December 15, 2013 had their name, credit and/or debit card number, the card's expiration date and the Card Validation Code ("CVV") compromised by a serious

security breach that occurred when an unauthorized intruder or intruders gained access to Target's payment card data.

12. The breach resulted in the theft and/or compromise of private, nonpublic personal and financial information belonging to millions of Defendant's customers, including Plaintiff and members of the putative Class, which has left the customers exposed to fraud and identity theft.

13. Upon information and belief, the stolen and/or compromised information includes the credit card and debit card numbers of over seventy (70) million Target customers, including those of Plaintiff and Class members.

14. At the time of the breach, the intruders also may have gained access to other private customer information, including customer driver's license numbers (which may contain social security numbers) and checking account information from return and exchange transactions. Plaintiff's and Class members' credit card, check card and debit card information, drivers' license numbers, social security numbers, checking account information, and other personal and financial information stolen and/or compromised by the breach are hereafter collectively referred to as the "Sensitive Personal Information."

15. Defendant indicated that it began investigating the incident "as soon as [they] learned of it" but it did not contemporaneously disclose the breach to Plaintiff and putative Class members.

16. Initially, Defendant did not make any effort to directly notify individuals whose information was compromised.

17. Upon information and belief, at the time of the breach, Defendant stored its customers' Sensitive Personal Information on the "Target Payment Card Data" system, in violation of Payment Card Industry ("PCI") data security standards, card association standards, statutes and/or regulations aimed at protecting such information.

18. The Sensitive Personal Information of Plaintiff and Class members compromised by the breach includes, without limitation, information that was improperly stored and inadequately safeguarded in violation of, among other things, industry standards, rules and regulations.

19. Defendant handles and processes credit card and debit card transactions and was, and continues to be, responsible for ensuring that it met PCI data security standards, card association standards, statutes and/or regulations meant to protect such information.

20. Upon information and belief, Defendant failed to monitor and/or ensure its compliance with such standards, statutes and/or regulations.

## CLASS ACTION ALLEGATIONS

21. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

22. The Class is defined as:

> All persons who used credit or debit cards at Target Corporation stores nationwide and whose personal and/or financial information was stolen or compromised as a result of the breach during the period from on or about November 27, 2013 to on or about December 15, 2013.

23. Excluded from the Class are:

   a) any Judge or Magistrate presiding over this action and members of their families;

   b) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees;

   c) counsel for Plaintiff and Defendant;

   d) persons who properly execute and file a timely request for exclusion from the Class;

   e) the legal representatives, successors or assigns of any such excluded persons;

   f) all persons who have previously had claims finally adjudicated or who have released their claims against Defendant similar to those alleged herein; and

   g) any individual who contributed to the unauthorized access of Defendant's database.

24. While the exact number and identities of the Class members are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief, the Class is so numerous, over seventy million (70,000,000), that joinder of all Class members is impracticable.

25. Defendant's wrongful conduct affected all of the Class members in precisely the same way, including:

    a) Defendant improperly stored its customers' Sensitive Personal Information;

    b) Defendant failed to safeguard its customers' Sensitive Personal Information;

    c) Defendant failed to immediately notify its customers of the breach and/or notify them directly as soon as practicable after discovering the breach; and

    d) Defendant's failure to monitor and ensure its compliance with pertinent PCI data security standards, card association standards, statutes and regulations is uniform across the Class.

26. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members including, without limitation:

    a) Whether Defendant acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard customers' Sensitive Personal Information;

    b) Whether Defendant failed to properly and timely notify Plaintiff and Class members of the breach as soon as practical after it was discovered; and

        c)      Whether the Plaintiff and Class members have been damaged and, if so, the appropriate relief.

27.    Plaintiff's claims are typical of the claims of all Class members because such claims arise from the Defendant's wrongful conduct, as alleged above, pertaining to Plaintiff's and Class members' Sensitive Personal Information. Plaintiff has no interests antagonistic to the interests of the other Class members.

28.    Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff has retained competent counsel experienced in complex commercial litigation and class actions to represent him and the Class.

29.    This class action also provides a fair and efficient method for adjudicating the claims of the Plaintiff and Class members for the following reasons:

        a)      common questions of law and fact predominate over any question affecting any individual Class member;

        b)      the prosecution of separate actions by individual Class members would likely create a risk of inconsistent or varying adjudications with respect to individual Class members, thereby establishing incompatible standards of conduct for the Defendant and/or would allow some Class members' claims to adversely affect the ability of other Class members to protect their interests;

  c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

  d) the Class is readily definable.  Prosecution as a class action will eliminate the possibility of repetitious litigation while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

30. For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Certification, therefore, is appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.

COUNT I
BREACH OF FIDUCIARY DUTY

31. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

32. By virtue of their possession, custody and/or control of the Plaintiff's and Class members' Sensitive Personal Information, and its duty to properly monitor and safeguard it, the Defendant was, and continues to be, in confidential, special and/or fiduciary relationships with the Plaintiff and Class members.  As fiduciaries, the Defendant owed, and continues to owe, the Plaintiff and Class members:

  a) the commitment to deal fairly and honestly;

  b) the duties of good faith and undivided loyalty; and

  c) integrity of the strictest kind.

33. The Defendant was, and continues to be, obligated to exercise the highest degree of care in carrying out its responsibilities to the Plaintiff and Class members under such confidential, special and/or fiduciary relationships.

34. The Defendant breached its fiduciary duties to the Plaintiff and Class members by, *inter alia*, improperly storing, monitoring and/or safeguarding Plaintiff's and Class members' Sensitive Personal Information.

35. To the extent that the Defendant is a fiduciary who did not breach the duties outlined above, the Defendant is nonetheless liable because it had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

36. To the extent that the Defendant is not a fiduciary, the Defendant is nonetheless liable because it engaged in transactions with a breaching fiduciary under circumstances in which it knew, or should have known, about such fiduciary breaches.

37. The Defendant breached its fiduciary duty to the Plaintiff and Class members by its wrongful actions described above. The Defendant willfully and wantonly breached its fiduciary duty to the Plaintiff and Class members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests.

## COUNT II
## NEGLIGENCE

38. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

39. Defendant was, and continues to be, in confidential, special and/or fiduciary relationships with the Plaintiff and Class members by virtue of being entrusted with their Sensitive Personal Information. At the very least, therefore, Defendant assumed a duty, and had duties imposed upon it by regulations, to use reasonable care to keep Plaintiff's and Class members' information private and secure, including a duty to comply with applicable PCI data security standards, card association standards, statutes and/or regulations. Defendant also had a duty to timely inform the Plaintiff and Class members of the breach and the fact that their Sensitive Personal Information had been stolen and/or compromised and, upon learning of the breach, take immediate action to protect Plaintiff and Class members from the foreseeable consequences of the breach. By its acts and omissions describes therein, Defendant unlawfully breached its duty and Plaintiff and Class members were harmed.

40. Defendant knew, or should have known, that its computer network for processing and storing Sensitive Personal Information had security vulnerabilities. Defendant was negligent by continuing to accept, process and store such information in light of its computer network vulnerabilities and the sensitivity of the information.

41. The breach, and the resulting damages suffered by the Plaintiff and Class members, were the direct and proximate result of Defendant's improper retention and storage of the Plaintiff's and Class members' Sensitive Personal Information; Defendant's failure to use reasonable care to implement and maintain

appropriate security procedures reasonably designed to protect such information; Defendant's delay in notifying Plaintiff and Class members about the breach for at least a month; and Defendant's failure to take immediate and effective action to protect the Plaintiff and Class members from potential and foreseeable damage. Defendant's wrongful actions constitute negligence.

42.     When Defendant handled and processed its credit card and debit card transactions, it came into the possession, custody and control of the Plaintiff's and Class members' Sensitive Personal Information.  As such, Defendant was, and continues to be, in confidential, special and/or fiduciary relationships with the Plaintiff and Class members.  At the very least, Defendant had a duty to monitor and safeguard such information to keep it private and secure, including a duty to ensure that Defendant complied with applicable PCI data security standards, card association standards, statutes and/or regulations.

43.     Defendant knew, or should have known, that its network for processing and storing Sensitive Personal Information had security vulnerabilities. Defendant was negligent in continuing to process such information in light of those vulnerabilities and the sensitivity of the information.

44.     The breach was a direct and/or proximate result of Defendant's failure to use reasonable care to ensure that it maintained appropriate security procedures reasonably designed to protect Plaintiff's and Class members' Sensitive Personal Information.  Defendant' wrongful conduct constitutes negligence.

45. Plaintiff and Class members have not in any way contributed to the security breach at Target or to the compromise or theft of their personal and financial data.

## COUNT III
## NEGLIGENCE PER SE

46. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

47. Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendant had a duty to protect and keep its customers' Sensitive Personal Information secure, private and confidential.

48. Defendant violated the Act by not adequately safeguarding Plaintiff's and Class members' Sensitive Personal Information; and monitoring and ensuring that Defendant complied with PCI data security standards, card association standards, statutes and/or regulations designed to protect such information.

49. Defendant also failed to comply with PCI data security standards, card association standards, statutes and regulations prohibiting the storage of unprotected Sensitive Personal Information.

50. Defendant's failure to comply with the Act, industry standards, and/or regulations constitutes negligence *per se*.

## COUNT IV
## BREACH OF CONTRACT

51. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

52. Plaintiff and Class members were parties to actual or implied contracts with Target that required Target to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure.

53. Additionally, Plaintiff and Class members were third party beneficiaries to contracts and/or agreements by and between the Defendant and other card issuing banks, financial institutions, and credit card associations/networks. These agreements required Defendant to properly safeguard Sensitive Personal Information from theft, compromise and unauthorized disclosure.

54. Defendant breached its agreements with Plaintiff, Class members and financial institutions or credit card associations by failing to properly safeguard Sensitive Personal Information from theft, compromise and/or unauthorized disclosure. The Defendant's wrongful conduct constitutes breach of contract.

## COUNT V
## BAILMENT

55. Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

56. Plaintiff's and Class members' Sensitive Personal Information is their personal property, which they delivered to Defendant for the sole and specific purpose of paying for the goods purchased from Target.

57. Defendant accepted Plaintiff's and Class members' Sensitive Personal Information. As a bailee, the Defendant owed a duty to Plaintiff and Class members and, in fact, had an express and/or implied contract with them, to use

their Sensitive Personal Information only for that period of time necessary to complete their purchases and to properly protect their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure in the process.

58. Defendant breached its duty and/or express and implied contracts with Plaintiff and Class members by, *inter alia*, improperly storing and inadequately protecting their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure, which directly and proximately caused Plaintiff and Class members to suffer damages.

59. The Defendant's wrongful actions constitute breaches of their duty to (and/or express and/or implied contracts with) the Plaintiff and Class members arising from the bailment.

## RELIEF REQUESTED

60. As a direct and/or proximate result of the Defendant's wrongful conduct, Plaintiff and Class members have sustained, and will continue to sustain, damages in the form of:

> a) the unauthorized disclosure and/or compromise of their Sensitive Personal Information;
> 
> b) monetary losses for fraudulent charges made on their accounts; and
> 
> c) the burden and expense of credit monitoring.

All of Plaintiff's and Class members' damages were reasonably foreseeable by the Defendant.

61. Plaintiff and Class members are entitled to equitable relief to prevent any additional harm including, without limitation:

    a) provision of credit monitoring services for a period of time to be determined by the trier of fact;

    b) disgorgement of profits Target earned during the holiday shopping season when it delayed notifying the Plaintiff and Class members of the breach; and

    c) disgorgement of profits Target earned during the holiday shopping season in the form of fees and other compensation for processing credit card, debit card and other financial transactions.

63. Plaintiff and Class members are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated Class members, respectfully requests that this Court:

    a) Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff as representative of the Class, and appoint Plaintiff's counsel as Class Counsel;

    b) Enter judgment in favor of Plaintiff and the Class against the Defendant under the legal theories alleged herein;

c) Award damages and/or equitable relief in an amount to be determined by the trier of fact;

d) Award attorneys' fees, expenses and costs of suit;

e) Award pre-judgment and post-judgment interest at the maximum rate allowed by law;

f) Award incentive awards for the lead Plaintiff; and

g) Such other and further relief as to this Court may deem necessary, just and proper.

Date: January 14, 2013                    Respectfully submitted,

*/s/ Dianne M. Nast*

Dianne M. Nast (PA Atty. ID No. 24424)
Daniel N. Gallucci (PA Atty. ID No. 81995)
Joanne E. Matusko (PA Atty. ID No. 91059)
NASTLAW, LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
Email:  dnast@nastlaw.com
dgallucci@nastlaw.com
jmatusko@nastlaw.com

*Attorneys for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and the Class members, respectfully demands a trial by jury on all issues so triable.

Date: January 14, 2014

*/s/ Dianne M. Nast*
Dianne M. Nast (PA Atty. ID No. 24424)
Daniel N. Gallucci (PA Atty. ID No. 81995)
Joanne E. Matusko (PA Atty. ID No. 91059)
NASTLAW, LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
Email: dnast@nastlaw.com
dgallucci@nastlaw.com
jmatusko@nastlaw.com

*Attorneys for Plaintiff*